Bissell, J.'
This action was brought by Gillett, and his co-plaintiffs, to recover of McAllister eight hundred dollars, which they claimed under a contract entered into between them. The case was tried without a jury, and resulted in a dismissal of the suit with judgment against the plaintiffs for costs. According to the evidence the Pike Brothers were producers of charcoal, and had large dealings in that material with McAllister, who apparently bought the most if not all of their product. The plaintiffs were grocers and dealers in the general supplies used in charcoal camps, and had sold and were selling the Pike Brothers what they used. The state of the account, as between the Pikes and the plaintiffs, *169 apparently led them to curtail the credit which had been extended to the charcoal burners, and McAllister, who wanted the product to fill his contracts, undertook with the plaintiffs to guarantee the payment of the bills which the Pike Brothers might contract for the months of September, October, November and December, 1887, to an amount not exceeding eight hundred dollars for each month, conditioned that he should receive from the Pike Brothers, under his dealings with them, that amount of coal,—otherwise he was only to pay to the plaintiffs the value of what he might purchase. The contract was carried out and complied with on both sides for the months of September, October and November, and the present suit was brought by the plaintiffs to recover the eight hundred dollars due for the supplies furnished the Pikes for December. The answer denied the contract as set up, and contained an affirmative plea, that prior to the institution of the present action the plaintiffs had sued Pike Brothers for the amount of the account, as it stood between them, including the eight hundred dollars claimed in the. present suit. The plea averred that he had paid a judgment of four hundred and odd dollars, rendered against him on his answer to a process of garnishment issued in the suit of the Gilletts against the Pikes, and thereupon had been discharged as garnishee. A demurrer was interposed to this plea, substantially attacking it because that action and the present were so far consistent and concurrent as to permit the prosecution of both to judgment, with the right necessarily to only one satisfaction of the claim. This is only referred to, because the question is discussed upon the present appeal as one still involved in the controversy which the court is called upon to decide. We do not so view it. A demurrer to this affirmative defense was overruled, and the plaintiffs replied to it, leaving only to them the right to preserve the question in the record by taking proper objections to the introduction of the testimony, and preserving sufficient exceptions in the record. Neither the transcript nor the abstract shows an objection which necessitates the expression *170 of an opinion upon this proposition. If a proper objection had been taken so as to save the question, it would be entirely unavailable for the purposes of reversal in the view which the court takes of the case. If the testimony were entirely excluded from the record, the result would be the same, and where a judgment is unaffected by incompetent testimony its admission will not serve as a basis upon which to assign error.
The plaintiffs were not entitled to recover. The contract was in terms dependent upon the purchase and delivery of coal, for McAllister expressly contracted that his liability should be measured by the value and quantity of coal that he might purchase and receive from the Pikes. In order then for the plaintiffs to recover it was incumbent'upon them to show, by competent proof, that the Pikes had delivered to McAllister, or to others by his order, coal enough to render him liable to the extent of their claim. Evidence was offered to show the shipment of divers cars of coal from Brown’s Canon Station by the Pike' Brothers, to sundry smelters in Leadville. The proof was not completed by testimony which served to connect McAllister with these shipments, and it leaves the whole question of McAllister’s liability thereunder to inference. The averments on this branch of the case were not sustained by sufficient or satisfactory evidence. The court evidently so concluded and rendered judgment accordingly. Since the finding is so fully sustained by the evidence, this court, even though they had reached an adverse conclusion, would not be justified in disturbing the judgment. Kinney v. Wood, 10 Colo. 270.
There is no error in the record and the judgment will be affirmed.

Affirmed.